**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AKZO NOBEL COATINGS INC.**,<br>　　Plaintiff,<br><br>　　vs.<br><br>**GMP CARS, LLC AND GEOFFREY M. PALERMO**,<br><br>　　Defendants. | Case No.: 4:21-cv-03359-YGR<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR ORDER AUTHORIZING SERVICE BY PUBLICATION OF GMP CARS, LLC**<br><br>Re: Dkt. No. 12 |

Plaintiff Akzo Nobel Coatings Inc. filed an *ex parte* application for an order authorizing service by publication on defendant GMP Cars LLC. (Dkt. No. 12.)

Due process requires that defendants be provided notice of an action against them and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The method of service chosen to satisfy this constitutional requirement must be "reasonably calculated to provide *actual* notice of the pending proceeding." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) (emphasis supplied). Though disfavored and rarely used, service by publication is allowed under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50.

Federal Rule of Civil Procedure 4(e)(1) allows service "in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under the California Code of Civil Procedure, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served

cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50(a).

In addition to showing diligence, a party seeking service by publication must show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Haley*, No. 15-CV-4273 (JCS), 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *McNamara v. Sher*, No. 11-CV-1344 (BEN), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)).

Where service by publication is found to be warranted:

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before the expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b).

Here, plaintiff has submitted counsel's declaration with its application stating its reasons for why it believes service by publication is warranted. (Dkt. No. 12.) However, plaintiff has not offered evidentiary support for the existence of a cause of action against defendant in the form of an affidavit. *See Cummings*, 2016 WL 4762208, at *3 (denying motion for service by publication for failure to provide an affidavit of facts evincing a cause of action against the defendant); *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (setting aside default judgment where the plaintiff relied on his verified complaint rather than an affidavit to show the existence of a cause of action for the purpose of service by publication).

In addition, plaintiff has made no showing that the proposed newspaper, Pacific Sun, is "most likely to give actual notice to" defendant. (Dkt. No. 12-5, Proposed Order, ¶ 2.)

Accordingly, plaintiff's application is **DENIED WITHOUT PREJUDICE**.

This Order terminates Docket Number 12.

**IT IS SO ORDERED**.

Date: June 25, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**