UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKZO NOBEL COATINGS INC.,<br>   Plaintiff,<br><br>vs.<br><br>GMP CARS, LLC AND GEOFFREY M. PALERMO,<br><br>   Defendants. | Case No.: 4:21-cv-03359-YGR<br><br>**ORDER GRANTING SECOND *EX PARTE* APPLICATION FOR ORDER AUTHORIZING SERVICE BY PUBLICATION OF GMP CARS, LLC AND EXTENDING TIME TO SERVE**<br><br>Re: Dkt. No. 16 |

Plaintiff Akzo Nobel Coatings Inc. has filed a second *ex parte* application for an order authorizing service by publication on defendant GMP Cars LLC ("GMP") and extending the time for such service. (Dkt. No. 16.) The Court denied plaintiff's initial application for failure to provide evidentiary support for the existence of a cause of action and for failure to show that the proposed newspaper was most likely to give notice to GMP. (Dkt. No. 14.)

The Federal Rules of Civil Procedure allow service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). California permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party cannot with reasonable diligence be served in another manner specified in" Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code. § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable

person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).  The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996).  "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in action notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).  Based on the declaration of Crispin Collins, counsel for plaintiff, detailing the efforts undertaken to serve GMP (Dkt. No. 16-1), the Court finds that plaintiff has established that it exercised "reasonable diligence" in attempting to locate and serve GMP.

In addition to a showing of diligence, California law requires a party seeking service by publication to show that a "cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1).  The proponent must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Sher*, No. 11-CV-1344 (BEN), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012).  Justin Kent, district sales leader for plaintiff, has submitted a declaration attaching the copies of the contracts at issue and attesting that GMP breached the contracts by failing to repay advances required by the contracts "after failing to make the threshold level of paint purchases." (Dkt. No. 16-5.)  This is sufficient to establish that a cause of action exists against GMP.

When a court permits service by publication, it "shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Code Civ. Proc. § 415.50(b).  "Publication of notice . . . shall be once a week for four successive weeks.  Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient.  The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day." Cal. Gov't Code § 6064.  Plaintiff seeks to serve GMP by publishing the summons for four consecutive weeks in the *Marin Scope*, which counsel declares is the only paper in Marin County Superior

Court's list of legally adjudicated newspapers that is circulated in Novato where GMP is located. (Dkt. No. 16-1.)  The Court agrees that the *Marin Scope* is a proper newspaper for publication of service.

Accordingly, plaintiff's renewed application to serve GMP by publication is **GRANTED**. Plaintiff shall perfect service on GMP within **fifty (50) days** of the date of this Order by publishing the summons to GMP in the *Marin Scope* for four consecutive weeks.  Publication shall comply with California Government Code § 6064.  If a proper address for service is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons, the complaint, and this Order shall immediately be served on GMP.  Within **fourteen (14) days** of the completion of the publication process, plaintiff shall file with the Court a proof of service demonstrating compliance with this Order.

This Order terminates Docket Number 16.

**IT IS SO ORDERED**.

Date: September 17, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**